*Rickey KASCOLI*
Petitioner-Appellant
*vs.*
*Carolyn KASCOLI*
Respondent-Appellee

In the Supreme Court of the Navajo Nation

No. SC-CV-08-05

November 15, 2005

William P. Battles, Window Rock, Navajo Nation, for Appellant.

Gary Thomas, Phoenix, Arizona, for Appellee.

Before YAZZIE, Chief Justice, and FERGUSON and GRANT, Associate Justices.

The Window Rock Family Court (Family Court) orally at a hearing and then in a written order several months later ordered the parties to have a residence appraised as part of a property distribution in a divorce case. Both times the Family Court ordered the appraisal within sixty days. The Court concludes that the written order controls, and vacates the Family Court's premature dismissal of this case.

I

The relevant facts are taken from the parties' pleadings and the record. The parties stipulated to, and the Family Court granted, the dissolution of their marriage and the distribution of personal property. The family residence was not included in the stipulated distribution, and the issue of its status as community or separate property was left for trial.

According to Carolyn Kascoli, a home belongs to the wife under *Diné bi beenahaz'áanii*, and therefore was not community property. Rickey Kascoli argued that the home was community property, as both he and his wife had contributed to building the house. Some of the money used to build the house came from proceeds from the sale of a house built with funds granted to Mr. Kascoli from the federal Navajo-Hopi Relocation program. At a hearing on September 16, 2004, the Family court orally ordered an appraisal, and indicated that it should be done within sixty days. On the same day, the Family Court issued a written order instructing Rickey Kascoli's counsel to supply a proposed order. After discussion and eventual agreement, a proposed order signed by the parties' attorneys was submitted on October 13, 2004. The Family Court signed the order on December 2, 2004. The written order ruled the home was community property, and awarded it to Carolyn Kascoli for her and her childrens' benefit. However, the Family Court additionally ordered the parties to get an appraisal of its value. The order states that the appraisal had to be done "within sixty days of this Order." Order at 2.

On December 7, 2004 Carolyn Kascoli filed a motion to dismiss, and the Family Court closed the case on December 27, 2004. In her motion, Carolyn Kascoli argued that the sixty days to provide the appraisal had expired. She counted the sixty days from the September 16, 2004 hearing. Consequently, she argued, Rickey Kascoli was not interested in pursuing the appraisal, and, had implicitly agreed with her position that reservation land had no market value. The Court's order states that the residence "has no fair market value." Order at 1. This appeal followed. The Court held oral argument on October 24, 2005, and now issues its decision.

## II

The issue in this case is whether a court's instruction to appraise a property is effective when it is orally given at a hearing or when the court issues a written order, when the written order agreed to and submitted to the court by the parties requires performance within sixty days of the order.

## III

The parties disagree on the effect of the oral instructions at the September 26, 2004 hearing and the written instructions in the order of December 2, 2004 (Order). Rickey Kascoli argues that the Order controls, which clearly states that the appraisal was to be done within sixty days "of this Order," that is, sixty days from December 2, 2004. He cites Rule 58 of the Navajo Rules of Civil Procedure (Nav. R. Civ. P.) to support his position that an order is not effective until it is issued in the writing by the court. Carolyn Kascoli disagrees, arguing that the type of order in this case is effective when orally stated at the hearing. Carolyn Kascoli argues that Rule 58 only applies to "substantive" matters, and not to what she characterizes as "procedural" or "housekeeping" matters, such as the order to appraise the property within sixty days.

The plain language of Rule 58 governs this case. That rule explicitly requires that all judgments shall be in writing, and that the judgment is not effective until it has been signed by the judge who heard the case, except for judgments *pro tunc*. Nav. R. Civ. P. 58(a). Here, the order requiring the appraisal is a "judgment," as it is the Family Court's final decision on the appraisal issue. *See* Nav. R. Civ. P. 1.1(b) (defining "entry of judgment" as occurring when the judge signs "the final decision"). The rule makes no distinction between "substantive" or "procedural" judgments. Moreover, the Order itself states that the appraisal must be done within sixty days "of this Order," a statement Carolyn Kascoli's counsel agreed to when he signed the proposed order. There is simply no justification in the Order itself or the civil procedure rules to require an appraisal within sixty days of the hearing. The Court concludes that the appraisal had to be done within sixty days of the date of the Order, that is, sixty days from December 2,2004.

As the Order allowed sixty days from December 2, 2004 to appraise the property, the December 27, 2004 dismissal (closure) order was an abuse of discretion. The later order prematurely cut short the time period to conduct the appraisal. Consequently, the Court must reverse the Family Court and remand the case for further proceedings.

While this remand disposes of this appeal, the Court makes several observations for the Family Court to consider on remand. First, the house has already been awarded to Carolyn Kascoli. Secondly, the Family Court has concluded that the house is "community property" under 9 N.N.C. § 205. Carolyn Kascoli argues that the house is separate property under *Diné bi beenahaz'áanii*. The only order in the record on this point merely states the court's conclusion,

but neither explains how it reached the conclusion nor otherwise discusses the Fundamental Law issues. Thirdly, the record does not provide the purpose of the appraisal and the parties at oral argument suggested several different reasons for it. The Family Court should clearly explain why an appraisal is needed and what it intends to accomplish through the appraisal. Given the Navajo Nation Council's mandate to the Judicial Branch to uphold the values and principles of *Diné bi beenahaz'áanii*, *see* 1 N.N.C. § 203(E) (2005), and the Council's guidance that when judges consider *Diné* Fundamental Law they should thoroughly explain so that everyone can learn, *see* Preamble, Navajo Nation Council Resolution No. CN-69-02, Paragraph 8 (November 1, 2002), the Court also suggests that the Family Court thoroughly consider its findings on community property and clearly articulate how it came to that conclusion in light of the Fundamental Law principles relevant to this case.

## V

Based on the above the Court VACATES the Family Court's dismissal order and REMANDS the case for further proceedings consistent with this opinion.